**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:18-CR-144** |
| | ) | **Chief Judge Waverly D. Crenshaw** |
| **MARK BRYANT** | ) | |
| | ) | |

<u>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**</u>

  The United States of America requests that the Court give the following Jury Instructions to the jury in the above case. The United States, however, respectfully reserves the right to submit additional requests as developments in this case may warrant.

  Respectfully submitted this the 22nd day of January, 2019.

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

<u>*s/ Michael J. Songer*</u>
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

1

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov

2

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.01 (2019).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

### Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[IF GIVEN AFTER CLOSING ARGUMENTS] The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.02 (2019).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say

5

so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 1.03 (2019) (modified to make plural).

*United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006) (approving instruction 1.03 as correct).

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4**</u>

**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and [the stipulations that the parties agreed to].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.


<u>**ANNOTATIONS AND COMMENTS**</u>

Sixth Circuit Pattern Jury Instructions - Instruction 1.04 (2019) and 7.21 (stipulations).

7

*United States v. Ross*, 703 F.3d 856, 879 (6th Cir. 2012) ("The court properly instructed the jury that the closing arguments are not evidence.").

*United States v. Wilson*, 168 F.3d 916, 924 n.6 (6th Cir. 1999) (questions, objections, and argument are not evidence).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

### Consideration of Evidence

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.05 (2019).

*Turner v. United States*, 396 U.S. 398, 406-07 (1970) (the jury may consider its own store of knowledge, must assess for itself the probative force and the weight, if any, to be accorded the evidence, and is the sole judge of the facts and the inferences to be drawn therefrom).

*Holland v. United States*, 348 U.S. 121, 140 (1954) (the jury must use its experience with people and events in weighing the probabilities).

9

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.06 (2019).

*United States v. Mack*, 808 F.3d 1074, 1080 (6th Cir. 2015) ("Circumstantial evidence is entitled to the same weight as direct evidence and circumstantial evidence alone is sufficient to sustain a conviction.") (internal quotations, citations, and alterations omitted).

*United States v. Blackwell*, 459 F.3d 739, 765–66 (6th Cir. 2006) (rejecting proffered instruction because "the proposed instruction's undue focus on circumstantial evidence improperly implies that the circumstantial evidence is weaker than direct evidence").

10

*United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000) ("Circumstantial and direct evidence are afforded the same weight").

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

12

inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 1.07 (2019).

13

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.09 (2019).

14

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 2.01 (2019) (modified to make plural).

15

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

### Number of Crimes

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 2.02 (2019).

16

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

### Counts One and Two: The Nature of the Offense Charged
### Deprivation of Rights Under Color of Law – 18 U.S.C. § 242

Counts One and Two of the Indictment charge defendant Mark Bryant with deprivation of rights under color of law. Counts One and Two read as follows:

### COUNT ONE

On or about November 5, 2016, in the Middle District of Tennessee, Mark Bryant, while acting under color of law, willfully deprived J.N., a person known to the Grand Jury, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from the use of unreasonable force amounting to punishment. Specifically, Mark Bryant used a Taser on J.N. multiple times without legal justification while J.N. was in a restraint chair and surrounded by multiple officers. One of these Taser cycles lasted approximately 25 seconds and a second cycle lasted approximately 15 seconds. The offense resulted in bodily injury to J.N., and the offense included the use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

### COUNT TWO

On or about November 5, 2016, in the Middle District of Tennessee, Mark Bryant, while acting under color of law, willfully deprived J.N, a person known to the Grand Jury, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from the use of unreasonable force amounting to punishment. Specifically, as officers prepared to transport J.N. to a medical facility, Mark Bryant used a Taser on J.N. without legal justification after J.N.

17

was placed in handcuffs and was surrounded by multiple officers. The Taser cycle lasted for approximately 11 seconds. The offense resulted in bodily injury to J.N., and the offense included the use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.


## ANNOTATIONS AND COMMENTS

Indictment, ECF No. 3.

*United States v. Baird*, 134 F.3d 1276 (6th Cir. 1998) (Ordinarily, it will not suffice merely to read to the jury the statute defining the crime. Even though the language of a statute may expressly contain all the elements of the offense, common English words often will have peculiar legal significance.).

18

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**</u>

**Counts One and Two: Elements of 18 U.S.C. § 242**
**Deprivation of Rights Under Color of Law**

Title 18, United States Code, Section 242 prohibits anyone acting under color of law from willfully depriving someone else of a right secured by the Constitution or laws of the United States.

A defendant may be found guilty of violating Section 242 only if all of the following facts are proved beyond a reasonable doubt as to the charge:

<u>First</u>:        That the defendant acted under color of law;

<u>Second</u>:        That the defendant deprived the victim J.N., of a right, which is secured by the Constitution or laws of the United States; here, the right at issue is J.N.'s right to be free from the deprivation of liberty without due process of law. This right includes the right to be free from an officer's use of objectively unreasonable force while he is awaiting trial;

<u>Third</u>:        That the defendant acted willfully; and,

<u>Fourth</u>:        That the defendant's conduct resulted in bodily injury to J.N. or that the defendant used a dangerous weapon.

For you to find the defendant guilty of each of the crimes charged in Counts One and Two, you must be convinced that the government has proved each and every one of these elements for each Count beyond a reasonable doubt.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of the charge.

<u>**ANNOTATIONS AND COMMENTS**</u>

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions,* § 29.03 (The essential elements of the offense charged) (6th ed. 2008 and 2018 updates).

18 U.S.C. § 242.

*United States v. Lanier*, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

*United States v. Price*, 383 U.S. 787, 793 (1966) (elements of 18 U.S.C. § 242 offense).

*United States v. Morris*, 494 F. App'x 574, 580 (6th Cir. 2012) ("[Section 242] itself provides that whoever, under color of law, willfully deprives any person of a right protected by the Constitution or laws of the United States, is guilty of an offense[.]").

*United States. v. Lanham*, 617 F.3d 873, 885 (6th Cir. 2010) ("Under 18 U.S.C. § 242, whoever, under color of any law willfully subjects any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or law of the United States has committed a federal crime.") (internal quotations, citations, and alterations omitted).

20

**Counts One and Two: Deprivation of Rights Under Color of Law**
**First Element – Under Color of Law**

The first element that the Government must prove with respect to Counts One and Two is that the defendant acted under color of law.

A person acts "under color of law" if he is an official or employee of a government and he uses or abuses power he possesses because of his official position. A government official, such a police officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

Whether a government official acts "under color of law" depends on the nature of his actions, not merely whether he is on-duty or in uniform.

If you find that a defendant was an officer in the Cheatham County Jail and that he acted or gave the appearance of acting as a jail officer at the time of the charged incident, then you may find that he acted under color of law and that the first element is satisfied.

**ANNOTATIONS AND COMMENTS**

Pattern Criminal Jury Instructions, Fifth Circuit, § 2.12 (Deprivation of Civil Rights) (2015) ("Acting 'under color of law' means acts done under any state law, county or city ordinance, or other governmental regulation, and acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.").

Federal Criminal Jury Instructions, Seventh Circuit, 18 U.S.C. § 242 (Definition of Color of Law) (2012, rev'd 2013) ("A person acts under 'color of law' when he acts in his official capacity or purports or claims to act in his official capacity. Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his [office; official position].").

*West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a

21

public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (citation omitted).

*Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

*Monroe v. Pape*, 365 U.S. 167, 183-187 (1961) ("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law") (overruled on other grounds).

*Screws v. United States*, 325 U.S. 91, 110 (1948) ("It is clear that under 'color' of law means under 'pretense' of law. . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

*Meadows v. Enyeart*, 627 F. App'x 496, 500 (6th Cir. 2015), *cert. denied,* 137 S. Ct. 104, 196 L. Ed. 2d 40 (2016) ("Acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations, citation, and alterations omitted).

*Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001) (A government employee acts under color of law if "[his] conduct [either] occurs in the course of performing an actual or apparent duty of his office, or . . . [his] conduct is such that the actor could not have behaved as he did without the authority of his office.").

*Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.") (quoting *West v. Atkins*, 487 U.S. 42, 49-50 (1998)).

*Henry v. Cagle*, 482 F.2d 137, 139 (6th Cir. 1973) (constable acted under color of law when he assaulted prisoner standing outside of jail for wholly personal reasons because his approach to the victim, who was under guard of Sheriff's deputies, was possible only because he was clothed in his authority as a constable).

22

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

### Counts One and Two: Deprivation of Rights Under Color of Law
### Second Element – Deprivation of a Federal Right

The second element that the Government must prove with respect to Counts One and Two is that the defendant deprived J.N. of his right not to be deprived of liberty without due process of law. Count One relates to the defendant's use of a Taser on J.N. in the restraint chair at approximately 8:00 p.m., while Count Two relates to the defendant's use of a Taser on J.N. at approximately 10:30 p.m. before he was placed in a transport vehicle.

A pretrial detainee – who has been arrested for violating the law, but who has not yet been convicted of the crime for which he has been arrested is presumed innocent; therefore, he may not be punished while awaiting trial. This means that the pretrial detainee may not be subjected to an officer's use of objectively unreasonable force while he is awaiting trial.

Not every use of force by a law enforcement officer against a pretrial detainee is unconstitutional. An officer may use force to maintain the safety of himself and other officers, to prevent a riot, to similarly maintain discipline or restore order in a jail or prison facility, or to accomplish other legitimate law enforcement goals. Even when some force is objectively necessary to carry out a legitimate law enforcement objective, however, officers may not use more force than objectively reasonable to achieve that goal. An officer may not use force merely because an arrestee questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation – unless the force was otherwise objectively reasonable at the time it was used. An officer may not use force solely to punish, retaliate against, or seek retribution against another person.

23

If you determine that the defendant used physical force against J.N., you must then decide whether that force was objectively unreasonable. You should evaluate reasonableness from the point of view of an ordinary and reasonable officer on the scene and at the moment the force was used. In making your determination, you should consider all the facts and circumstances, including the amount of the force used; the relationship between the need for the use of force and the amount of force used; the extent of J.N.'s injury, if any; any effort made by the defendant to temper or to limit the amount of force; the severity of any security problem at issue; the threat, if any, reasonably perceived by the defendant; and whether J.N. was actively attempting to escape or resisting orders given by the defendant or other law enforcement authorities.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may *not* be justified – even seconds later – if the objective justification for the initial use of force has been eliminated.

## ANNOTATIONS AND COMMENTS

*Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015) (A person's Due Process rights are violated when "the force purposely or knowingly used against him was objectively unreasonable. . . . A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." It was therefore error for the district court to imply to the jury that it should consider the defendant's "subjective reasons for using force and subjective views about the excessiveness of the force." A Due Process violation does not require "proof of intent (or motive) to punish[.]" It is sufficient if "the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the [victim's] injury; any effort made by the officer to temper or to limit the amount of force; the

24

severity of the security problem at issue; the threat reasonably perceived by the officer[.]" (internal quotations omitted)).

*Bell v. Wolfish,* 441 U.S. 520, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.").

*Baynes v. Cleland*, 799 F.3d 600, 607-08 (6th Cir. 2015) (Holding in the Fourth Amendment context that the objective reasonableness "assessment is fact-specific, based on the totality of the circumstances, and pays particular attention to the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. We judge the lawfulness of the conduct from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (internal quotations, citations, and alterations omitted).

*Morabito v. Holmes,* No. 14-3612, 2015 WL 5920204, at *3 (6th Cir. Oct. 7, 2015) (holding that the Supreme Court in *Kingsley* "adopted a bright line rule that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" and explaining that objective reasonableness "turns on the facts and circumstances of each particular case") (internal quotations and citations omitted).

Force May Not Be Used as Punishment

*Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x. 521, 528 n.3 (6th Cir. 2018) ("The Fourteenth Amendment likewise 'protects a pretrial detainee from the use of excessive force that amounts to punishment.'") (quoting *Kingsley*, 135 S.Ct. at 2473).

*Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538* (6th Cir. 2015)(applying *Kingsley* and stating, "Taking into account all of the circumstances of that day, including the legitimate interests of law enforcement in preserving order and discipline, the allegations that Schmeltz and Gray inflicted gratuitous pain on Benton while he was handcuffed, culminating in his death, establish valid claims that both officers violated Benton's Fourteenth Amendment rights").

*United States v. Aguilar,* 242 Fed.Appx. 239, 243 (5th Cir. 2007) (affirming jury instruction in a Fourth Amendment "use of force" case that included instruction that an officer "may not use force to punish, retaliate or seek retribution against a person who has been arrested.").

Force that is Initially Reasonable May Become Unreasonable

*Meyers v. Baltimore County, Md.,* 713 F.3d 723, 733 (4th Cir. 2013) ("force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.").

*Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 277 (5th Cir. 2015) ("We have explained that "an exercise of force that is reasonable at one moment can become unreasonable in the next if the justification for the use of force has ceased.").

25

Force May Not Be Used in Response to Verbal Provocation

*Kennedy v. City of Villa Hills,* 635 F.3d 210, 216 (6th Cir. 2011) ("[T]he First Amendment requires that police officers tolerate coarse criticism.").

*Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 207 (1st Cir. 1990) (holding that if an officer attacked handcuffed arrestee based upon mere verbal provocation it would constitute the use of excessive force).

26

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

### Counts One and Two: Deprivation of Rights Under Color of Law
### Third Element – Willfulness

The third element the government must prove with respect to Counts One and Two is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. You may find the defendant acted willfully if you find that he acted in open defiance or reckless disregard of a pretrial detainee's right to be free a law enforcement officer's use of objectively unreasonable force.

It is not necessary for the government to prove that the defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids. In this context, you must find that the defendant intended to use more force than was reasonable under the circumstances.

In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was in the defendant's mind. For example, you may consider the manner in which any constitutional violation was carried out and the duration of any constitutional violation. You may also consider what the defendant said; what the defendant did or failed to do; how the defendant acted, and whether the defendant knew, through training or experience, that his actions were unlawful and whether he knew that they violated department policy or his own training.

Intent is a state of mind. Often a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. Therefore,

27

state of mind can often be proven only by circumstantial evidence, based on the surrounding circumstances.

In considering the defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable corrections officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by greed, anger, or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations -- as well as any malice displayed by the defendant -- in determining whether the defendant acted willfully, as I have described that term to you.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 2.08 (2019).

2 Kevin O'Malley, Jay Grenig, & William Lee, *Federal Jury Practice & Instructions*, § 29 (2000) (defining "willfully").

*Screws v. United States*, 325 U.S. 91, 101, 105-06 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.") (holding that a defendant acts "willfully" when he "act[s] in open defiance or in reckless disregard of a constitutional requirement").

*Williams v. United States*, 341 U.S. 97, 102 & n.1 (1951) (reciting, with approval, trial court's instructions that in determining willfulness the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be

28

taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . .").

*United States v. Reichert*, 747 F.3d 445, 451-52 (6th Cir. 2014) ("Generally in criminal cases, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." The court also approved of the instruction that "for a defendant's conduct to be willful, he 'need not be aware of the specific law or the rule his conduct is violating'").

*United States v. Couch*, No. 94-3292, 1995 WL 369318, at *4 (6th Cir. Jun. 20, 1995) (upholding similar instruction and stating "the charge as given adequately conveyed that requirement. As long as the accused specifically intends to use more force than is reasonable under the circumstances, he acts willfully and thus runs afoul of § 242. Furthermore, *Screws* recognizes that a defendant need not necessarily be 'thinking in constitutional terms' if his aim was to deprive an individual of a constitutionally protected right.") (internal citation omitted).

*United States v. O'Dell*, 462 F.2d 224, 232 n.10 (6th Cir. 1972) (the defendants need not have known specifically that they were violating constitutional rights).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16

### Counts One and Two: Deprivation of Rights Under Color of Law
### Limiting Instruction Regarding Policies and Training

The government has introduced evidence of policies and training the defendant received at the Cheatham County Jail. This evidence has been admitted for a limited purpose. You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether the defendant violated any rule or acted in contravention of his training. If you find that he acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a government employee rises to the level of a federal constitutional violation. It is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination that the defendant violated J.N.'s constitutional rights.

In other words, if you determine that the defendant violated a policy of the Cheatham County Jail or acted contrary to his training, you should consider that evidence only in determining whether the defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

## ANNOTATIONS AND COMMENTS

*Velthuysen v. Henderson*, No. 17-1623, 2017 WL 5899308, at *1 (6th Cir. Oct. 2, 2017), cert. denied, 138 S. Ct. 930 (2018) (holding that a violation of prison policy does not create a cognizable

claim under 42 U.S.C. § 1983 which provides redress for violations of constitutional or federal rights).

*Zucker v. City of Farmington Hills*, 643 F. App'x 555, 565 (6th Cir. 2016) ("[W]e have repeatedly held that a plaintiff cannot allege a violation of state law in an action under 42 U.S.C. § 1983.").

*United States v. Beals*, 698 F.3d 248, 263 (6th Cir. 2012) ("While the states are free to impose rules for searches and seizures that are more restrictive than the Fourth Amendment, those rules will not be enforced in a federal criminal proceeding.").

*Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) ("While the states are, of course, free to enact laws that are more protective of individual rights than the United States Constitution, a mere violation of such a state law will not establish a proper claim under § 1983.).

*United States v. Proano*, 2019 WL 115317, at *6 (7th Cir. Jan. 7, 2019) (affirming § 242 conviction over defendant's assertion that the jury could have thought the training evidence mattered to whether his use of force was objectively reasonable. In affirming, the Seventh Circuit cited with approval the instruction that the jury "should not consider this training when you decide whether the defendant's use of force was reasonable or unreasonable. But you may consider the training when you decide what the defendant intended at the time he acted.").

*United States v. Ramos*, 537 F.3d 439, 461 (5th Cir. 2008) (Finding that a defendant was properly convicted of substantive crimes, not policy violations, where "the government only used the policies as evidence of the state of mind of the defendants for crimes of violence, which had no dependency on the policies for their definition, essence, or viability.").

31

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

### Counts One and Two: Deprivation of Rights Under Color of Law
### Fourth Element – Bodily Injury

Finally, for Counts One and Two you must decide whether the Government has proven beyond a reasonable doubt the fourth element of the offense, that the offense resulted in bodily injury to J.N. or involved the use of a dangerous weapon.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member or mental faculty.

The Government need not prove that the defendant intended to cause bodily injury. The Government also need not prove that a defendant's acts were the sole cause of bodily injury. The Government must simply prove that the offense resulted in bodily injury to J.N.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain.

Counts One and Two of the indictment charge both that the offense resulted in bodily injury to J.N. *and* that the offense involved the use of a dangerous weapon. However, the government does not have to prove *both* that the offense resulted in bodily injury and that a dangerous weapon was used. Proof beyond a reasonable doubt of one of these factors is enough to prove this element.

But, in order to return a guilty verdict, all twelve of you must agree that the same factor has been proved. That is, all of you must agree that the government proved beyond a reasonable doubt that the offense resulted in bodily injury; or, all of you must agree that the government proved beyond a reasonable doubt that the offense involved the use of a dangerous weapon. If

all of you unanimously agree that the government has proven one or both of these factors beyond

a reasonable doubt, then this element has been satisfied.


## ANNOTATIONS AND COMMENTS

18 U.S.C. § 242.

Bodily Injury- General Definition

18 U.S.C. §§ 831(f)(5); 1365(h)(4), 1515(a)(5), 1864(d)(2) (bodily injury defined for purposes of other federal statutes).

*Wilkins v. Gaddy*, 559 U.S. 34, 38-39 1179-80 (2010) (rejecting argument, asserted in Eighth Amendment case involving constitutionally excessive force that injury must be more than *de minimis* to violate the Constitution).

*United States v. Perry*, 401 F. App'x 56, 65 (6th Cir. 2010) (holding that in the context of 18 U.S.C. § 111 "[t]he term bodily injury means: 1) a cut, abrasion, bruise, burn, or disfigurement; 2) physical pain; 3) illness; 4) the impairment of the function of a bodily member, organ, or mental faculty; or 5) any other injury to the body, no matter how temporary.").

*United States v. Wilson*, 344 F. App'x 134, 144 (6th Cir. 2009) (evidence that victim suffered "physical pain" sufficient to satisfy § 242's "bodily injury" requirement).

Bodily Injury – Injury Need Not Be Intended

*United States v. Marler*, 756 F.2d 206, 215-16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that Marler could be convicted under section 242 if Brown's death was a proximate result of Marler's conduct "in the sense of being a natural and foreseeable result of that conduct. . . . [A] defendant must be proved to have willfully subjected the victim to a deprivation of civil rights. But if so, and death results—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct.").

*United States v. Woodlee*, 136 F.3d 1399, 1405-06 (10th Cir. 1998) (holding § 245's bodily injury element is a standard of causation, not intent, that is satisfied if the injury was a foreseeable result of the defendant's conduct).

*United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal

causation. . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

Dangerous Weapon

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions*, § 24.07 (6th ed., rev'd 2018) (Deadly or dangerous weapon—Defined) ("The phrase 'deadly or dangerous weapon' means any instrument or device capable of inflicting serious bodily injury or causing the death of a person.").

*United States v. Quiver*, 805 F.3d 1269, 1272 (10th Cir. 2015) ("We conclude a Taser – even in drive stun mode – is a dangerous weapon.").

**Counts Three and Four: The Nature of the Offense Charged
Obstruction of Justice by Falsifying Reports – 18 U.S.C. § 1519**

Counts Three and Four read as follows:

COUNT THREE

On or about November 5, 2016, in the Middle District of Tennessee, Mark Bryant, in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within the jurisdiction of a federal agency.  Specifically, Mark Bryant falsified a Cheatham County Sheriff's Department report dated November 5, 2016, for a use of force incident involving detainee J.N. by omitting the material information that Mark Bryant tased J.N. multiple times for a total of approximately 50 seconds at approximately 8:00 p.m., and by falsely reporting the sequence of events related to Mark Bryant's use of a Taser on J.N. at approximately 8:00 p.m., under different circumstances from Officer D.B.'s use of a Taser at 6:55 p.m.

All in violation of Title 18, United States Code, Section 1519.

COUNT FOUR

On or about November 5, 2016, in the Middle District of Tennessee, Mark Bryant, in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within the jurisdiction of a federal agency.  Specifically, Mark Bryant falsified a Cheatham County Sheriff's Department report dated November 5, 2016, for a use of force incident involving

35

detainee J.N. by omitting the material information that Mark Bryant tased J.N. for approximately

11 seconds at approximately 10:30 p.m. while J.N. was compliant.

**ANNOTATIONS AND COMMENTS**

Indictment, ECF No. 3.

*United States v. Baird*, 134 F.3d 1276 (6th Cir. 1998) (Ordinarily, it will not suffice merely to read to the jury the statute defining the crime. Even though the language of a statute may expressly contain all the elements of the offense, common English words often will have peculiar legal significance.).

36

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19**

**Counts Three and Four: Obstruction of Justice by Falsifying Reports**

Counts Three and Four of the Indictment charge the defendant with violating Title 18, United States Code, Section 1519. Section 1519 makes it a crime for anyone to knowingly falsify a document with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt for each of these Counts:

First: That the defendant knowingly falsified a document;

Second: That the defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter; and

Third: That the matter was within the jurisdiction of, an agency of the United States, here the FBI.

If you are convinced beyond a reasonable doubt that the government has proved all of these elements as to a count, say so by returning a guilty verdict on that count. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that count.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 1519.

Fifth Circuit Pattern Criminal Jury Instructions – § 2.65 (2015).

Eighth Circuit Model Jury Instructions - § 6.18.1519 (2014).

37

*United States v. Schmeltz*, 667 F.3d 685, 687-88 (6th Cir. 2011) ("A charge for falsifying a document under § 1519 requires the government to prove (1) that Schmeltz "knowingly . . . fals[ified] or[] ma[de] a false entry in" his Correction Officer Report; (2) that the Correction Officer Report related to a "matter within the jurisdiction of any department or agency of the United States"; and (3) that Schmeltz falsified or made a false entry in the Correction Officer Report "with the intent to impede, obstruct, or influence the investigation" of a matter within the agency's jurisdiction.").

38

**Counts Three and Four: Elements of 18 U.S.C. § 1519**
**Obstruction of Justice by Falsifying Reports**
**First Element:  Knowingly Falsified a Document**

The first element that the government must prove with respect to Counts Three and Four is that the defendant knowingly falsified a document.

A defendant falsifies a document by including within that document any untrue statement, or by omitting from that document or record any material fact.  A defendant acts "knowingly" if his act is done voluntarily and intentionally, not because of mistake or accident.


**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 1519.

Fifth Circuit Pattern Criminal Jury Instructions – § 2.65 (2015).

Eighth Circuit Model Jury Instructions - § 6.18.1519 (2014).

*United States v. Schmeltz*, 667 F.3d 685, 687-88 (6th Cir. 2011) ("A charge for falsifying a document under § 1519 requires the government to prove (1) that Schmeltz "knowingly . . . fals[ified] or[] ma[de] a false entry in" his Correction Officer Report; (2) that the Correction Officer Report related to a "matter within the jurisdiction of any department or agency of the United States"; and (3) that  Schmeltz falsified or made a false entry in the Correction Officer Report "with the  intent to impede, obstruct, or influence the investigation" of a matter within the agency's jurisdiction.").

*United States v. Lanham*, 617 F.3d 873, 887 (6th Cir. 2010) ("Material omissions of fact can be interpreted as an attempt to 'cover up' or 'conceal' information.").

**Counts Three and Four: Elements of 18 U.S.C. § 1519**
**Obstruction of Justice by Falsifying Reports**
**Second Element: Intended to Impede, Obstruct, or Influence**

The second element that the government must prove with respect to Counts Three and Four is that the defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter.

The government does not need to show that a federal investigation was underway at the time the defendant engaged in obstructive conduct.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation. There is also no requirement that the falsification would naturally or probably result in obstruction of the investigation.

In determining whether the defendant had the required intent, you may consider all the circumstances of the case, including, among other things, any statements made or omitted; any acts done or omitted by that person; and any other circumstances you deem relevant and reliable. You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that he intended those results.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 1519.

*United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012) ("18 U.S.C. § 1519 does not require the Government to prove that [a defendant] intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that Gray intended to

40

obstruct the investigation of any matter that happens to be within the federal government's jurisdiction.").

*United States v. Taohim*, 529 F. App'x 969, 974 (11th Cir. 2013) (per curiam) ("Section 1519 . . . does not require that an investigation be pending or that the defendant be aware of one when he falsifies the record. Instead, the statute only requires that the falsification be done with intent to impede an investigation and 'in contemplation' of that investigation.").

*United States v. Yielding*, 657 F.3d 688, 711 (8th Cir. 2011) ("Congress thereby sought to extend the prohibition [of § 1519] to situations in which the accused does not act directly with respect to a pending matter, but acts either in contemplation of a future matter or in relation to a pending matter.").

41

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22

### Counts Three and Four: Elements of 18 U.S.C. § 1519
### Obstruction of Justice by Falsifying Reports
### Third Element: Within the Jurisdiction of a Federal Agency

The third element that the government must prove with respect to Counts Three and Four is that the matter was within the jurisdiction of, an agency of the United States, here the Federal Bureau of Investigation.

The government is not required to prove that the Defendant knew that the FBI is an agency of the United States, or that he knew that a federal investigation was underway or would occur in the future. Nor must the government prove that there was any actual delay or withholding of truthful information from federal authorities. The issue for you to determine is whether the matter the Defendant allegedly sought to obstruct was, in fact, within the jurisdiction of the FBI.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1519.

*United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012) ("18 U.S.C. § 1519 does not require the Government to prove that [a defendant] intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that Gray intended to obstruct the investigation of any matter that happens to be within the federal government's jurisdiction.").

*United States v. Eaton*, 784 F.3d 298, 306 (6th Cir. 2015) ("[I]t is plain that information relates to the commission or possible commission of a federal crime if it concerns the incident or occurrence in connection with which the crime may have occurred. This interpretation is consistent with the purpose of § 1512(b)(3) to protect the integrity of even *potential* federal investigations by ensuring that transfers of information to federal law enforcement officers and judges relating to the possible commission of federal offenses be truthful and unimpeded.") (internal quotations and citations omitted; emphasis in original).

42

*United States v. McQueen*, 727 F.3d 1144, 1152 (11th Cir. 2013) ("Section 1519's language requires only that a criminal defendant 'knowingly' alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry. There is nothing in the language that says the defendant must also know that any possible investigation is federal in nature. In fact, [the] 'federal investigation' requirement may be inferred only from the following language: 'any matter within the jurisdiction of any department or agency of the United States.' But, as we see it, 'any matter within the jurisdiction' is merely a jurisdictional element, for which no mens rea is required.").

*United States v. Moyer*, 674 F.3d 192, 207 (3d Cir. 2012) ("[I]f [Section 1519] does not require the existence of a federal investigation before criminal liability may attach, it certainly does not require the government to identify a specific federal statute that is the focus of the investigation.").

*United States v. Yielding*, 657 F. 3d 688, 714 (8th Cir. 2011) (citing with approval § 1519 instruction stating that the government "need not prove that the defendant specifically knew that the matter was within the jurisdiction of a department or agency" because "[i]t is sufficient that the 'matter' is within the jurisdiction of a federal agency as a factual matter").

*United States v. Fontenot*, 611 F.3d 734, 736-39 (11th Cir. 2010) (upholding defendant's § 1519 conviction for falsifying a use-of-force report under a jury instruction that read: "[t]he government is not required to prove that the defendant knew his conduct would obstruct a federal investigation, or that a federal investigation would take place, or that he knew of the limits of federal jurisdiction.").

S. Rep. No. 146, 107th Cong., 2d Sess. 10-11 (2002) ("This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter . . . [T]he timing of the act in relation to the beginning of the matter or investigation is also not a bar to prosecution . . . . Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute.").

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 23**

**On or About**

Next, I want to say a word about the date mentioned in the Indictment.

The Indictment charges that the crime happened "on or about" November 5, 2016. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.


**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 2.04 (2019).

*United States v. Manning*, 142 F.3d 336, 338-39 (6th Cir. 1998).

*United States v. Dennard*, 1993 WL 35172, 1993 U.S. App. LEXIS 23798 (6th Cir. 1993).

44

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 24

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.01 (2019).

45

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25

### Experiments, Research, Investigation and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the

46

judicial process. A juror who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result, which would require the entire trial process to start over.


**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 8.02 (2019).

Case 3:18-cr-00144    Document 20    Filed 01/22/19    Page 47 of 54 PageID #: 84

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.03 (2019).

Fed. R. Crim. P. 31(a) (mandating unanimous jury verdicts in federal trials).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.04 (2019).

49

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 28

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.05 (2019).

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 29**

**Verdict Limited to Charges Against This Defendant**

Remember that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 8.08 (2019) (modified to make plural).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 30

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.09 (2019).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 31

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.10 (2019).

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I electronically filed the foregoing Proposed Jury Instructions with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following Defense Counsel: Peter Strianse, 315 Deaderick Street, Suite 1700, Nashville, TN.


_**s/ Sara Beth Myers**_

Sara Beth Myers

Assistant United States Attorney