# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-CR-144** |
| | ) | **Chief Judge Waverly D. Crenshaw** |
| **MARK BRYANT** | ) | |
| | ) | |

## UNITED STATES' OMNIBUS MOTION IN LIMINE

The United States of America files this omnibus motion *in limine* to: (1) exclude any reference to or evidence of the victim's bad character, criminal history, or bad acts, apart from his status as a pretrial detainee at the time of the events at issue in this case; (2) exclude any reference to or evidence of the defendant's good character; (3) prohibit reference to equally available witnesses that the parties decline to call to testify at trial; (4) exclude any reference to the defendant's prosecution by the local Tennessee District Attorney General; and (5) prohibit the defendant from introducing his own statements through other witnesses or eliciting them on cross examination of Government witnesses.

## FACTUAL AND PROCEDURAL SUMMARY

On June 20, 2018, a federal grand jury in the Middle District of Tennessee indicted Defendant Mark Bryant on two counts of violating federal rights under color of law, in violation of 18 U.S.C. § 242, and two counts of obstructing justice by submitting a false report, in violation of 18 U.S.C. § 1519.[1]  Indictment, ECF No. 3.  The events underlying all four counts occurred on November 5, 2016, while Defendant Bryant was working as a corrections officer at the Cheatham

---

[1] The State of Tennessee also charged Defendant Bryant with one count of aggravated assault and one count of misconduct by a public official.  Trial on these charges is currently scheduled for July 2019.  The state charges relate exclusively to the incident charged in Count One of the federal indictment.

1

County Jail in Ashland City, Tennessee. The Indictment charges that, on that date, Defendant Bryant assaulted pretrial detainee J.N. after officers removed J.N. from his cell at the Cheatham County Jail and placed him in a restraint chair. Count One charges that, at approximately 8:00 p.m., Defendant Bryant stunned J.N. four times with a Taser while J.N. was in the restraint chair. The tases lasted a total of approximately 50 seconds, during which the defendant stated, "you don't like this, do you?" and "I'll keep doing it until I run out of batteries." Count Two charges that, at approximately 10:30 p.m., Bryant tased J.N. for approximately 11 seconds while J.N. was in the restraint chair, handcuffed and compliant. Counts Three and Four allege that Bryant submitted false reports about both incidents.

Defendant Bryant was arraigned on June 26, 2018, ECF No. 9, and released pending trial. ECF No. 10. Trial on all four counts is set for February 5, 2018. ECF No. 15.

## I.  Motion To Exclude Evidence of the Victims' Bad Character or Conduct

The United States moves this Court to exclude from trial evidence of, or reference to, the victim's bad character, criminal convictions, and specific instances of bad conduct unrelated to the charged incidents. Such evidence would constitute improper character evidence under Federal Rules of Evidence 404(a), 404(b), and 405(a). Additionally, such evidence should be excluded as unfairly prejudicial under Rule 403.

### A.  Evidence of the Victim's Bad Character Is Inadmissible Under Rule 404(a).

Under the Federal Rules of Evidence, the accused may not introduce evidence of the victim's character other than evidence that relates to a "pertinent trait of character." Fed. R. Evid. 404(a)(2). Thus, the defendant does not have carte blanche to attack the character of the victim in this case. Rather, as with evidence related to character of the accused, the character traits of the victim must be relevant to the issues before the jury in order for such evidence to be admitted.

2

Defendant Bryant therefore must identify specific traits of the victim and the Court must then determine whether those identified traits are pertinent to issues in the case, and not unfairly prejudicial. *See United States v. Mack*, 258 F.3d 548, 552-53 (6th Cir. 2001). To the extent the defendant seeks to introduce any such evidence here, the Court should exclude the evidence because defendant likely cannot meet this pertinence test.

1. Character for Violence

Defendant Bryant should not be permitted to claim the victim has character for violence. The issue of whether a victim possesses an aggressive or hostile character may arise in assault cases, where a defendant may argue that he acted in self-defense or that the force he used was justified under the circumstances and that the victim's character for violence supports an inference that the victim was the aggressor. The victim's character is not in issue in this case, however, where the assaults charged in Counts One and Two of the Indictment were both audio- and video-recorded. Those recordings clearly show the victim's conduct at the time Defendant Bryant used force on him. Video of the incident charged in Count One shows that – at the time the defendant used his Taser – victim J.N. sitting in a restraint chair, with Officer J.M. holding his head and Officer J.K. holding his right arm. The remainder of the victim's body was secured by the chair's restraints. Similarly, video of the events charged in Count Two shows that J.N. was sitting in a restraint chair, with his legs shackled and his hands cuffed, when the defendant tased him for 11 seconds.

Because the videos show that officers were able to control the victim at the time Defendant Bryant stunned him, it is unlikely the defendant will pursue a self-defense argument. Unless and until the defendant pursues this as a defense, evidence of a character trait for violence is not pertinent and falls outside Rule 404(a)(2)'s exception. *See United States v. West*, No. 06-20185,

3

2009 WL 2026322, at \*16 (E.D. Mich. July 8, 2009) (Refusing to admit evidence of victim's character under Rule 404(a)(2) because the defendant did not argue self-defense) (citing *United States v. Gregg*, 451 F.3d 930, 933 (8th Cir. 2006) ("A defendant can introduce evidence of a victim's violent character to establish conformity therewith in homicide cases where self-defense is raised")); *see also United States v. Hillsberg*, 812 F.2d 328, 334 (7th Cir. 1987) (the victim's propensity for violence was not pertinent because defendant did not claim he was provoked or acted in self-defense).

2. Prior Convictions and Character for Truthfulness

The defendant should also be precluded from attacking the victim's character for truthfulness, as J.N. is deceased and will not testify at trial. A person's character for truthfulness is subject to attack only if he or she becomes a witness. Fed. R. Evid. 608(a). Absent such testimony, the victim's credibility is irrelevant. J.N.'s truthfulness is not a pertinent character trait of the conduct charged in the Indictment – Defendant Bryant's use of excessive force and false reports – and therefore is inadmissible.

The defendant likewise may not rely on Rule 609 to offer evidence of the victim's prior convictions, since this rule applies only to the credibility of witnesses. *Old Chief v. United States*, 519 U.S. 172, 176 n.2 (1997) (explaining prior convictions may not be admitted for impeachment if subject does not testify); *Luce v. United States*, 469 U.S. 38, 43 (1984) ("[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."). Therefore, the Court should preclude the defendant from making any reference to, or admitting any evidence of, the victim's criminal history or prior acts of dishonesty.

**B. Evidence of the Victims' Bad Acts Is Inadmissible Under Rule 404(b).**

4

Nor may the defendant introduce evidence of the victim's specific, past bad acts or crimes to support an argument that the victim acted aggressively during the incidents on November 5, 2016. Rule 404(b) specifically precludes the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *United States v. Clark*, 377 F. App'x. 451, 459 (6th Cir. 2010) (Affirming exclusion of evidence of victim's prior convictions for violent felonies and noting that "Rule 404(b)'s prohibition on using evidence of past crimes to show propensity is clear."). The rule allows the introduction of such evidence only where it is offered "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

Reference to the victim's conduct in the Cheatham County Jail and his prior convictions may be permissible, subject to Rule 403 balancing, if the defendant testifies that he was aware of specific acts at the time of the charged conduct, and that such actual knowledge impacted his mental state at the time he tased J.N. Until the defendant makes such a claim, however, bad acts evidence is inadmissible. Even if defendant takes the stand and states that he was aware of certain conduct, he may not introduce extrinsic evidence of bad acts to support his claim.

Accordingly, Rule 404(b) does not allow for the admission of any jail disciplinary records, bad acts, or criminal history of the victim.

## C.     Rule 403 Bars Evidence of the Victim's Character or Bad Acts.

To the extent that evidence regarding the victim's prior bad acts or character is otherwise admissible, it should be excluded under Fed. R. Evid. 403. Rule 403 states that evidence of a pertinent character trait of a victim must be excluded if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Unfair prejudice under the rule refers to evidence that "tends to suggest decision

5

on an improper basis." *United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006) (internal quotations omitted). Character evidence relating to a victim is particularly susceptible to such prejudice because of the potential that it will be used simply to tarnish a victim by suggesting a propensity to commit bad acts, thus encouraging jury nullification. *See, e.g.*, McCormick on Evidence § 193 at 572 (Cleary ed. 1984) (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason."). Thus, even where a character trait is pertinent, courts may exclude evidence of an adverse trait pursuant to Rule 403. *See, e.g.*, *United States v. Milk*, 447 F.3d 593, 600-01 (8th Cir. 2006) (affirming exclusion of testimony regarding victim's prior stabbing offense under Rule 403 because of "significant risk of mini-trial" and lack of probative value); *United States v. Schatzle*, 901 F.2d 252, 256 (2nd Cir. 1990) (affirming exclusion in excessive force trial of testimony about victim's involvement in prior altercation because the risk of confusion of issues substantially outweighed the probative value); *cf. United States v. Richardson*, 793 F.3d 612, 627-28 (6th Cir. 2015) (The district court, under Rules 403 and 608(b), properly excluded cross examination into a judicial finding that a government witness was not credible in a prior proceeding because inquiry into the circumstances of that proceeding would require "detailed testimony regarding an entirely collateral matter in order to assess its probative value. This type of collateral 'mini-trial' is precisely what Rule 608(b) is intended to prevent.").

In accordance with these principles, the victim's criminal history, prior disciplinary infractions, and any underlying misconduct, even if deemed relevant, should be excluded under Rule 403 because the nominal probative value of such evidence is far outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Reference to such evidence

would serve only the improper purpose of appealing to the emotions of the jury in an attempt to make the jury dislike the victim and acquit for that reason.

Rule 403 balancing weighs particularly against introducing character or bad act evidence in this case, where audio and video recordings capture J.N.'s conduct before, during, and after the defendant assaulted him. The availability of video evidence – and testimony from multiple other officers who were present and will testify about the conduct they witnessed – obviates the need to rely on amorphous character and prior act evidence to assess whether the defendant's actions were justified. Any remote additional probative value of such evidence is strongly outweighed by the risk of unfair prejudice and the costs to judicial economy – including occupying the jury's time and attention – of focusing proceedings on unrelated incidents. Accordingly, Rule 403 provides a further basis for excluding evidence of the victim's character, prior acts, or criminal convictions.

### D. Under Rule 405 Any Admissible Character Evidence Must Be Limited in Form to Reputation and Opinion Testimony.

Even if evidence of the victim's prior bad acts were indicative of a pertinent character trait and otherwise admissible under Rule 403, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). The defendant is not permitted to offer proof of specific instances of conduct in keeping with the character trait. Fed. R. Evid. 405(a); *Michelson v. United States*, 355 U.S. 469, 477 (1948). This ban applies even where the evidence purports to be illustrative of the victim's character for violence or aggression, and is otherwise admissible. *Clark*, 377 F. App'x at 458 (affirming exclusion of testimony about specific incidents and explaining that, "[a]t best, [the defendant] was limited to offering reputation and opinion evidence to show that [the victim] had a propensity toward violence"); *Gregg*, 451 F.3d at 934-35 (affirming the district court's exclusion of specific instances of a victim's violent conduct being offered to

7

show the victim was the initial aggressor).  Moreover, a victim's propensity for violence is not an essential element of the charges in this case or a self-defense claim, meaning that Rule 405(b)'s exception for specific act evidence does not apply.  *United States v. Seymour*, 468 F.3d 378, 387 (6th Cir. 2006) (evidence of the victim's character was not admissible under Rule 405(b) because it was not an essential element of defendant's aggravated sexual abuse charge); *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995) (victim's character for violence is not an essential element of defendant's justification defense).  Accordingly, the defendant may not properly introduce evidence of the victim's specific acts of bad conduct under Rule 405.

## II.       Motion To Exclude Evidence of the Defendant's Good Character or Conduct

The United States moves this Court to exclude from trial evidence of, or reference to, the defendant's general good character and specific instances of good conduct, including evidence of awards, commendations, recognition, or good acts.  Such evidence would constitute improper character evidence under Fed. R. Evid. 404.

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character.  *See* Fed. R. Evid. 404(a)(1) & (b)(1).  The Rule provides an exception that permits a defendant to offer evidence of his character only if it relates to a "pertinent" character trait.  *See* Fed. R. Evid. 404(a)(2)(A); *United States v. Silber*, 456 F. App'x. 559, 562 (6th Cir. 2012); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991).  Here, Defendant Bryant's general good character is not pertinent to the crimes charged, which are limited in time to a period of approximately two hours on one evening. The Court should thus exclude any such evidence as irrelevant.

In particular, Defendant Bryant should be barred from offering any evidence that he was a good, dedicated, or competent corrections officer. Courts generally preclude law enforcement

defendants from offering such evidence, including evidence of commendations and awards, on relevance grounds. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was not "pertinent" to his bribery, conspiracy, drug, or firearms charges); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused"); *United States v. Barry*, 814 F.2d 1400, 1403-1404 (9th Cir. 1987) (holding a security patrol officer's letters of commendation were not pertinent under Rule 404(a) and were hearsay). General evidence of the defendant's good conduct, including evidence offered to prove professionalism, dedication, or other similar traits, is likewise irrelevant to the civil rights charges at issue here. Such evidence says nothing about whether Defendant Bryant willfully deprived the victim of his right to be free from unreasonable force by assaulting him on the date charged in the Indictment, or whether he submitted false reports to cover up the assaults. *See Camejo*, 929 F.2d at 613.

Even if evidence of the defendant's good character were pertinent, the form of that evidence – as with any admissible evidence of the victim's character – would be limited to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a); *Michelson*, 355 U.S. at 477. Character evidence in the form of testimony regarding specific instances of conduct is permitted only where the character trait at issue is "an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). As no character trait forms an element of the charges here, testimony about specific instances of conduct should be inadmissible. Indeed, such

an examination of the defendant's character trait would divert the trial from an examination of the defendant's acts charged in this case to a trial of the defendant's character in general. Moreover, where a defendant is permitted to offer reputation and opinion testimony regarding a pertinent character trait, the Government is permitted under Fed. R. Evid. 405(a) to cross-examine the character witnesses about whether they are aware of specific acts of misconduct indicating a contrary character. *Michelson*, 355 U.S. at 479; *United States v. Moore*, 604 F. App'x. 458, 462 (6th Cir. 2015).

Any evidence of the defendant's general good character or specific acts of good conduct should therefore be excluded.

## III.     Motion To Prohibit Reference to Equally Available Witnesses Whom the Parties Decline to Call to Testify at Trial

The United States moves for an order prohibiting the parties from making reference to, or arguments about, the failure to call witnesses who were equally available to both parties. "It is well settled that it is impermissible to draw any inference from a party's failure to call witnesses that were equally available to both sides." *United States v. Iredia*, 866 F. 2d 114, 118 (5th Cir. 1989). "Where witnesses are equally available to either party, no adverse inference may be drawn from the failure of one party to call them." *Illinois Cent R. Co. v. Staples*, 272 F.2d 829, 834 (8th Cir. 1959); *see also General Dynamics Corp. v. Selb Mf'g Co.*, 481 F.2d 1204, 1217 (8th Cir. 1983). In *Walker v. United States*, 489 F. 2d 714 (8th Cir. 1974), the Eighth Circuit addressed the trial court's refusal to give an instruction about the prosecution's failure to produce a witness. Affirming the trial court's decision not to give such an instruction, the Court held, "[Walker] made no adequate showing that the government at the time of trial possessed the sole power to produce [the person at issue] as a witness. Moreover, [Walker] did not request that the government make [this person] available as a witness, either at the time of trial or earlier." *Id*. at 716. Furthermore,

10

the Court cited E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 11.33 (1970), which states, "[i]f it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by [the jury] with regard to a witness who is equally available to both parties, or where the witness' testimony would be merely cumulative. The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." *Id*. at 716 n.1.

Since all of the witnesses in this case are available to both sides, commenting on the failure to call any one of a number of witnesses would be improper and should not be permitted.

**IV.      Motion To Exclude Reference to Defendant's Pending Prosecution by the State of Tennessee**

The United States moves this Court to exclude from trial any evidence of, or reference to, the Defendant's pending charges or prosecution at the state level as a discussion of the state charges is not relevant to the defendant's charges in the present case and would only serve to divert the jury from the elements of the crimes in the present case. *See* Fed. R. Evid. 401, 403.

As noted previously, the United States has charged the defendant with two counts of violating federal rights under color of law and two counts of obstruction of justice by filing false reports. The elements of the federal charges differ from the state charges not only in substance, but also in terms of the actual conduct charged. The state charges address only the defendant's tasing of the victim around 8:00 p.m. and do not address the 10:00 p.m. tase or either of the false reports that the defendant submitted in connection with both incidents. The state has only charged the defendant with aggravated assault and official misconduct—two charges that originate from some of the defendant's same conduct, but that require the state to establish an entirely different

11

set of elements. Thus, any reference to "state charges" or "state prosecution" is simply not a relevant, direct comparison of apples to apples and could serve to confuse the jury.

The reasoning that courts have used to evaluate the relevance of adjudications prior to federal trials is analogous here. For example, courts have acknowledged that "the limited probative value of an acquittal of prior charges relating to the same conduct at issue in a later trial may be substantially outweighed by the danger of unfair prejudice or jury confusion." *United States v. Halteh,* 224 F. App'x. 210, 214 (4th Cir. 2007) (citing Fed. R. Evid. 403; *United States v. Kerley,* 643 F.2d 299, 300–01 (5th Cir.1981)). Indeed, several courts have concluded that district courts did not abuse their discretion when they excluded evidence of an acquittal, reasoning that "the fact of acquittal on a different charge arising out of the same criminal conduct is simply not relevant to a later trial on another charged crime." *See e.g., United States v. Tirrell,* 120 F.3d 670, 678 (7th Cir. 2007); *United States v. Smith,* 145 F.3d 458, 462 (1st Cir. 1998); *United States v. Riley,* 684 F.2d 542, 546 (8th Cir. 1982).

Accordingly, neither party should seek to reference Defendant Bryant's arrest or pending state prosecution. Nor should the defendant be permitted to argue or elicit testimony that would encourage the jury to infer that, because the defendant was charged at the state level in relation to some of the same underlying conduct at issue in this case, that some of his conduct is a state matter that should be handled at the state level. Such an argument, which would only serve to confuse the jury, is not relevant to the federal charges, all of which require proof of different elements and even different conduct than the state charges.

If a witness "opens the door" to the existence of pending state charges, the government moves that any subsequent references should refer to the state prosecution as "a different proceeding." Finally, if a witness inadvertently references the state proceeding, the United States

12

asks that the Court provide a limiting instruction that the state proceeding is not relevant to the jury's consideration of the issues in this case.

**V.      Motion to Prohibit Defendant From Eliciting His Own Statements Without Testifying**

During the investigation of this case, Defendant Bryant submitted to a voluntary, non-custodial interview with the Tennessee Bureau of Investigation and Federal Bureau of Investigation, and made comments about the charged offenses to other Cheatham County corrections officers.  The government anticipates that the defendant may improperly attempt to introduce portions of his own, out-of-court exculpatory statements through witnesses other than himself; however, it is well-settled that, under Federal Rule of Evidence 801(d)(2), a defendant may not seek to use other witnesses to offer into evidence his own prior, out-of-court statements. When offered by the declarant, such statements constitute inadmissible hearsay because they are offered by, not against, the party to whom the statement is attributable.  Fed. R. Evid. 801(d)(2); *see Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party.") *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and therefore not hearsay, but the non-self-inculpatory statements are inadmissible hearsay.") (citations omitted).

The defendant may not introduce these hearsay statements either by eliciting them through a defense witness or by cross-examining Government witnesses.  *United States v. Ford*, 761 F.3d 641, 651-52 (6th Cir. 2014) (Rule 801(d)(2) does not "extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses," including on cross examination.) (emphasis in original).  In other words, Rule 801(d)(2) precludes the defendant from putting the defendant's out-of-court statements before the jury without subjecting the defendant to cross-

examination. *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (affirming trial court's ruling precluding defendant from cross-examining postal inspector about statements he heard the defendant make). "Indeed, if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id.*

The Rule of Completeness provides a very limited exception to this provision. This common law doctrine is codified in Federal Rule of Evidence 106, which states that, "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction . . . of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Although Rule 106 applies only to written or recorded statements, the Sixth Circuit has stated that Rule 611(a) applies the same fairness standard to conversations. *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009).

Rule 106 does not give a defendant the unlimited right to introduce other portions of statements that are inadmissible hearsay. Rather, a defendant may elicit portions of his own statements only "to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *Holden*, 557 F.3d at 705; *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982) ("Rule 106 is intended to eliminate the misleading impression created by taking a statement out of context. The rule covers an order of proof problem; it is not designed to make something admissible that should be excluded."); *United States v. Shaver*, 89 F. App'x. 529, 533 (6th Cir. 2004).

14

Absent a need to admit some additional portion of a defendant's statement to correct a misleading impression, the defendant's out of court statements remain inadmissible hearsay. The Rule of completeness "is a common-law doctrine does not outweigh the hearsay rules." *Shaver*, 89 F. App'x at 533; *see also id*. ("Exculpatory hearsay may not come in solely on the basis of completeness.") (affirming the refusal to allow a defendant to use elicit exculpatory portions of a statement during cross examination of a government witness); *see also United States v. Ramirez-Perez*, 166 F.3d 1106, 1112 n.7 (11th Cir. 1999) (defendant not entitled to cross-examine agent about exculpatory portions of statement even though agent testified about inculpatory portions of the statement).

Accordingly, the United States may offer portions of the defendant's admissions without opening the door to the introduction of other portions of those statements, either directly, through audio- or video–recordings, or on cross-examination, because the statements the United States intends to offer place the defendant's statements in their proper context and require no further explanation or clarification to be fairly understood.

The Government thus requests that the Court prohibit Defendant Bryant from eliciting self-serving exculpatory statements from witnesses, including through cross-examination of Government witnesses. If a defendant successfully offers such a statement, however, the defendant's credibility then may be challenged "by any evidence which would be admissible for those purposes if the declarant had testified as a witness." Fed. R. Evid. 806. If the defendant wants to introduce his own statements beyond those strictly necessary for clarification, he must first testify and face cross-examination.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court: (1) exclude any reference to or evidence of the victim's bad character, criminal history, or bad acts, apart from his status as a pretrial detainee at the time of the events at issue in this case; (2) exclude any reference to or evidence of the defendant's good character; (3) prohibit reference to equally available witnesses whom the parties to decline to call to testify at trial; (4) exclude any reference to the defendant's pending prosecution by the Tennessee District Attorney General; and (5) prohibit the defendant from introducing his own, out-of-court statements through other witnesses or eliciting them on cross examination of Government witnesses.

Date: January 22, 2019

Respectfully Submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*_____
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov

16

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*_____
MICHAEL J. SONGER
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

17

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I electronically filed the foregoing Omnibus Motion in Limine with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following Defense Counsel: Peter Strianse, 315 Deaderick Street, Suite 1700, Nashville, TN.

*s/ Sara Beth Myers*
Sara Beth Myers
Assistant United States Attorney
