UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:18-cr-00144** |
| | ) | **Chief Judge Crenshaw** |
| **MARK BRYANT** | ) | |

**RESPONSE OF DEFENDANT MARK BRYANT**
**TO GOVERNMENT'S OMNIBUS MOTION *IN LIMINE***

**COMES NOW** the Defendant, **Mark Bryant**, by and through his undersigned counsel, and hereby responds to the *Government's Omnibus Motion in Limine* (Docket Entry 22). The government seeks to: (1) exclude evidence of the victim's bad character, etc.; (2) remarkably, exclude any reference to or evidence of Mr. Bryant's good character; (3) prohibit reference to equally available witnesses; (4) exclude any reference to the parallel state prosecution; and, (5) prohibit the Defendant from introducing his own statements during the government's case-in-chief. *Id.* at Page ID# 94. Defendant Bryant does *not* object to numbers III or IV.

**I.  Motion to Exclude Evidence of the Victim's Bad Character or Conduct**

Generally, "evidence of a person's character or character trait" is inadmissible to prove that on a particular occasion the person acted in conformity with that character trait. Fed.R. Evid. 404(a)(1). However, Fed.R.Evid. 404(a)(2) specifically provides that criminal defendants have a right to present evidence of an alleged victim's pertinent character trait, so long as the traits are relevant to the issues in the case. *Id.* Pertinent is synonymous with relevant. In this case, the alleged victim's character for violence is pertinent and relevant to the crimes alleged in the indictment. The alleged victim, Jordan Norris, was acting erratically and violently resisting his

lawful restraint, thus, provoking correctional officers, including Mr. Bryant, to respond to the urgent situation created by Norris' unlawful and dangerous conduct to ensure Norris' safety, the safety of other inmates, and correctional officers and staff. These lawful responses to Norris' violent and unprovoked conduct, places Norris' pertinent character trait for violence and erratic behavior at issue. The Federal Rules of Evidence further provide that "proof of character may be made by testimony as to reputation or by testimony in the form of an opinion." Fed.R.Evid. 405(a). Taken together, these rules make clear that even though character evidence is generally impermissible, when a criminal defendant presents evidence of a victim's violent behavior in the context of an excessive force action, the rules against propensity evidence do not apply.[1]

Even if the victim's character for violence is inadmissible to prove he acted in conformity with said trait, it is still admissible under Rule 404(b). "Evidence of other crimes, wrongs, or acts" is admissible if presented to the court for non-propensity purposes, such as to "'establish motive, intent, identity, absence of mistake, or common plan or scheme' or 'contextual background.'" *Cummins v. Phillips*, 2017 U.S. Dist. LEXIS 211078, 2017 WL 6554889 (M.D. Tenn. December 22, 2017); citing *State v. Little*, 402 S.W.3d 202,210 (Tenn. 2013). Here, the victim's past bad acts, criminal history, and disciplinary records are pertinent to the contextual background of this case. Mr. Norris' past bad acts and jail disciplinary records, coupled with his

---

[1] Since Mr. Norris is deceased (not as a result of the allegations in this case) and, thus, obviously unavailable, any statements made by him entered into evidence must meet a hearsay exception. "The declarant of a hearsay statement which is admitted into evidence is in effect a witness." Fed.R.Evid. 806, Adv. Comm. Notes. And, counsel may use any evidence which would be admissible if the declarant had testified as a witness. *United States v. Adams*, 722 F.3d 788, 834 (6th Cir. 2013); Fed.R.Evid. 806 ("When a hearsay statement – or a statement described in Rule 801(d)(2) . . . (E) – has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."). Therefore, Mr. Norris' character for truthfulness may still properly

2

Case 3:18-cr-00144   Document 31   Filed 01/27/19   Page 2 of 5 PageID #: 180

violent and profoundly erratic behavior in resisting correctional officers' efforts to restrain him, provide context to Mr. Bryant's actions in this case. Therefore, these specific acts are admissible as to the contextual background of this case and to Mr. Bryant's intent in attempting to control and subdue Mr. Norris and neutralize the situation.

Admitting Mr. Norris' past misconduct is not unduly prejudicial in this case because it is not being used to tarnish the victim's character, nor to flare the jury's emotions. This evidence is proper and provides necessary contextual background which aids the trier of fact in determining whether Mr. Bryant was acting willfully in reacting to a violent situation created by Mr. Norris.

**II.     Motion to Exclude Evidence of Mr. Bryant's Good Character or Conduct**

Evidence that Mark Bryant is *law abiding* is relevant to this case – excessive force by a correctional officer is against the law, and the defense should be able to present evidence of good character as to Mr. Bryant's character of being a law-abiding citizen and respecting inmates, co-workers, etc. *See United States v. Yarbrough,* 527 F.3d 1092, 1100 (10th Cir. 2008).

Evidence of Mark Bryant's *competence* is relevant to this excessive force prosecution. He is entitled to offer evidence that he was acting in an objectively reasonable manner in a situation where Mr. Norris appeared to be under the influence of drugs, struggled against officers, and exhibited considerable strength. Presumably, all officers involved believed other methods of regaining control would not have been as safe or effective as the taser in quelling the challenged episode in this case. *See Spears v. Ruth*, 2009 U.S. Dist. Lexis 28762, *27. Mr. Bryant should be able to show he has always acted in conformity with the rules and regulations of the Cheatham

---

be impeached under the rules as if he was a testifying witness in the event any statements by him are admitted into evidence.

County Jail and has a reputation for acting competently and conscientiously, and not using excessive force on the job.

Evidence of Mark Bryant's character for *truthfulness* is extremely relevant to the *crimen falsi* offenses alleged in Counts Three and Four of the Indictment which charge falsification of records in a federal investigation, in violation of 18 U.S.C. § 1519. (Docket Entry 3, Page ID# 6).

**[As noted above, Defendant Bryant does not object to government requests III & IV.]**

### V. Motion to Prohibit Defendant from Eliciting His Own Statements Without Testifying

This motion is premature. The trial of a criminal case is a dynamic process and the Court will need to hear the context in which any out-of-court statement is sought to be offered or admitted. It may be that statements of the Defendant are being offered or admitted not to provide the truth of what Mr. Bryant said but simply to show that the statement had been made. Additionally, such challenged statements may constitute "verbal acts" which are non-hearsay. To seek a blanket pretrial determination of such an evidentiary issue threatens the due process rights of Mr. Bryant who is charged with specific intent crimes for which he has an absolute right to offer evidence to negate willfulness.

Respectfully submitted,

TUNE, ENTREKIN & WHITE, P.C.
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, Tennessee 37238
(615) 244-2770

S:/ Peter Strianse
PETER J. STRIANSE
Attorney for Defendant Bryant

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to:

    Sara Beth Myers
    Assistant United States Attorney
    110 Ninth Avenue South
    Suite A-961
    Nashville, TN 37203-3870

    Michael J. Songer
    Attorney
    Civil Rights Division, Criminal Section
    U.S. Department of Justice
    950 Pennsylvania Ave. N.W.
    Washington, D.C. 20530

  this 27th day of January, 2019.

            S:/ Peter J. Strianse
            PETER J. STRIANSE