UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CR-144 |
| | ) | Chief Judge Waverly D. Crenshaw |
| MARK BRYANT | ) | |
| | ) | |

## UNITED STATES' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OMNIBUS MOTION IN LIMINE

Pursuant to this Court's Order, the United States of America files this supplemental briefing in support of its Motion in Limine asking the Court to exclude character evidence relating to the victim in this case, Jordan Norris. (DE 37.)  The defendant has proposed introducing three types of character evidence:  (1) testimony from other correctional officers regarding the victim's disruptive behavior and extreme strength; (2) evidence that the victim assaulted two detainees in the Cheatham County Jail; and (3) testimony from officers who observed an altercation between the victim and another inmate in the Cheatham County Jail.  This evidence consists largely of specific instances of purported bad conduct by the victim that are not relevant to the conduct charged in the Indictment.  Introduction of such evidence is precluded by Rule 404(b), which forbids the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Nor does the evidence fit within the exception for "pertinent" character traits contemplated by Rule 404(a)(2). To the extent any of the evidence of the victim's bad character is admissible under Rule 404, it is nonetheless inadmissible under Rule 403, as the prejudice from impugning the victim's character – and encouraging jury nullification – substantially outweighs any probative value related to the defendant's conduct.  This is particularly true in a case, such as this one, where all of the relevant

conduct is audio- and video-recorded. Finally, if any of the victim character evidence proffered by the defendant is admissible, it must be limited in form to reputation and opinion testimony – not evidence of specific acts. *See* Fed. R. Evid. 405.

### A. Evidence of the Victim's Character is Not Admissible Under Rule 404

Rule 404 does not permit the defendant to claim the victim had character for violence, or to support such a claim by introducing evidence from inmates and corrections officers regarding conduct unrelated to the incidents charged in the Indictment.

Rule 404(b) prohibits precisely this type of propensity evidence. *See* Fed. R. Evid. 404(b) (precluding evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith."); *United States v. Clark*, 377 F. App'x. 451, 459 (6th Cir. 2010) (Affirming exclusion of evidence of victim's prior convictions for violent felonies and noting that "Rule 404(b)'s prohibition on using evidence of past crimes to show propensity is clear."). Rule 404(b) allows for introduction of character evidence only for certain other specified purposes, such as to prove motive, identification, preparation, plan, or lack of mistake. *See* Fed. R. Evid. 404(b)(2). None of these are applicable here. Unable to identify any specific provision under which evidence of victim's bad character is admissible, the defendant argues that it is necessary for "contextual background." *See* Def's Response to Motion in Limine, Dkt. No. 31 at 2. The text of Rule 404(b) does not contemplate such broad "context" evidence, and the only authority the defendant cites in support of its argument does not support it. *See* Dkt. No. 31 at 2, citing *Cummins v. Phillips*, 2017 U.S. Dist. LEXIS 211078, 2017 WL 6554889 (M.D. Tenn. 2017). *Cummins* reasoned that evidence of a victim's involvement in methamphetamine dealing was properly admitted under Rule 404(b) to prove motive – one of the bases explicitly contemplated

2

by the rule – not as part of a broader exception to add "context." *See Id*. None of the permissible purposes identified by Rule 404(b) are applicable here.

Nor is the defendant's proffered evidence admissible under Rule 404(a). As the Court recognized in its Order, Dkt. No. 37 at 3, Rule 404(a)(2)(B) authorizes introduction of evidence of a "pertinent character trait" only to disprove an element of the crime or to support a defense. The victim's character is not pertinent to any element of the charges here, which include (a) two counts of violating the victim's constitutional right to be free from unreasonable punishment and (b) two counts of filing false reports to cover up those constitutional deprivations. *See* Indictment, Dkt. No. 3 (charging violations of 18 U.S.C. §§ 242 and 1519).

Moreover, the victim's character is not at issue in this case because the assaults charged in the Indictment were both audio- and video-recorded. Those recordings clearly show the victim's conduct at the time Defendant Bryant used force on him. Video of the incident charged in Count One shows that – at the time the defendant used his Taser – victim J.N. sitting in a restraint chair, with Officer J.M. holding his head and Officer J.K. holding his right arm. The remainder of the victim's body was secured by the chair's restraints. Similarly, video of the events charged in Count Two shows that J.N. was sitting in a restraint chair, with his legs shackled and his hands cuffed, when the defendant tased him for 11 seconds. In light of this clear video evidence, which encompasses time periods before, during, and after the charged conduct, the victim's character is not at issue.

Evidence of the victim's character is likewise irrelevant to any claimed defense. Unless and until the defendant pursues this as a defense, evidence of a character trait for violence is not pertinent and falls outside Rule 404(a)(2)'s exception. *See United States v. West*, No. 06-20185, 2009 WL 2026322, at *16 (E.D. Mich. July 8, 2009) (Refusing to admit evidence of victim's

3

character under Rule 404(a)(2) because the defendant did not argue self-defense) (citing *United States v. Gregg*, 451 F.3d 930, 933 (8th Cir. 2006) ("A defendant can introduce evidence of a victim's violent character to establish conformity therewith in homicide cases where self-defense is raised")); *see also United States v. Hillsberg*, 812 F.2d 328, 334 (7th Cir. 1987) (the victim's propensity for violence was not pertinent because defendant did not claim he was provoked or acted in self-defense).

>    **B.    The Victim's Proffered Evidence is Highly Prejudicial and Inadmissible Under Rule 403**

To the extent that evidence regarding the victim's prior bad acts or character is otherwise admissible, it should be excluded under Fed. R. Evid. 403. Rule 403 states that evidence of a pertinent character trait of a victim must be excluded if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Unfair prejudice under the rule refers to evidence that "tends to suggest decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006) (internal quotations omitted). Character evidence relating to a victim is particularly susceptible to such prejudice because of the potential that it will be used simply to tarnish a victim by suggesting a propensity to commit bad acts, thus encouraging jury nullification. *See, e.g.*, McCormick on Evidence § 193 at 572 (Cleary ed. 1984) (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason."). Thus, even where a character trait is pertinent, courts may exclude evidence of an adverse trait pursuant to Rule 403. *See, e.g.*, *United States v. Milk*, 447 F.3d 593, 600-01 (8th Cir. 2006) (affirming exclusion of testimony regarding victim's prior stabbing offense under Rule 403 because of "significant risk of mini-trial" and lack of probative value); *United States v. Schatzle*, 901 F.2d 252, 256 (2nd Cir. 1990) (affirming

4

exclusion in excessive force trial of testimony about victim's involvement in prior altercation because the risk of confusion of issues substantially outweighed the probative value); *cf. United States v. Richardson*, 793 F.3d 612, 627-28 (6th Cir. 2015) (The district court, under Rules 403 and 608(b), properly excluded cross examination into a judicial finding that a government witness was not credible in a prior proceeding because inquiry into the circumstances of that proceeding would require "detailed testimony regarding an entirely collateral matter in order to assess its probative value. This type of collateral 'mini-trial' is precisely what Rule 608(b) is intended to prevent.").

In accordance with these principles, the victim's criminal history, prior disciplinary infractions, and any underlying misconduct, even if deemed relevant, should be excluded under Rule 403 because the nominal probative value of such evidence is far outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Reference to such evidence would serve only the improper purpose of appealing to the emotions of the jury in an attempt to make the jury dislike the victim and acquit for that reason.

Rule 403 balancing weighs particularly against introducing character or bad act evidence in this case, for two reasons: (1) the evidence proffered by the defendant appears to concern conduct that the defendant was not aware of at the time of the crimes charged in the indictments, and therefore has extremely limited probative value; and (2) audio and video recordings capture J.N.'s conduct before, during, and after the defendant assaulted him.

First, the evidence proffered by the defendant concerns alleged incidents involving the victim, inmates, and other corrections officers at the Cheatham County Jail who did not witness the charged conduct. Some of the conduct described by the defendant appears to have occurred after the acts charged in the Indictment and therefore has no relevance to any of the elements of

5

the charged crimes. Conduct occurring after the charged acts could not have affected the defendant's perception of the threat posed by the victim at the time he repeatedly tased the victim, and is not otherwise relevant to whether the defendant acted willfully when he did so. Incidents that occurred prior to the charged conduct are similarly irrelevant unless the defendant establishes that he was aware of the victim's specific conduct prior to the tasings charged in the Indictment. This evidence should be excluded on relevance grounds under Rule 401, or at a minimum, excluded under Rule 403 because whatever minimal probative value exists is substantially outweighed by prejudicing the jury against the victim's character.

Second, exclusion under Rule 403 is appropriate because the availability of video evidence – and testimony from multiple other officers who were present and will testify about the conduct they witnessed – obviates the need to rely on amorphous character and prior act evidence to assess whether the defendant's actions were justified. Further, the defendant will have the opportunity to cross examine these witnesses. Any remote additional probative value of such evidence is strongly outweighed by the risk of unfair prejudice and the costs to judicial economy – including occupying the jury's time and attention – of focusing proceedings on unrelated incidents. Accordingly, Rule 403 provides a further basis for excluding evidence of the victim's character, prior acts, or criminal convictions.

### C. Under Rule 405 Any Admissible Character Evidence Must Be Limited in Form to Reputation and Opinion Testimony.

Even if evidence of the victim's prior bad acts were indicative of a pertinent character trait and otherwise admissible under Rule 403, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). The defendant is not permitted to offer proof of specific instances of conduct in keeping with the character trait. Fed. R. Evid. 405(a); *Michelson*

6

Case 3:18-cr-00144 Document 47 Filed 02/03/19 Page 6 of 9 PageID #: 235

*v. United States*, 355 U.S. 469, 477 (1948). This ban applies even where the evidence purports to be illustrative of the victim's character for violence or aggression, and is otherwise admissible. *Clark*, 377 F. App'x at 458 (affirming exclusion of testimony about specific incidents and explaining that, "[a]t best, [the defendant] was limited to offering reputation and opinion evidence to show that [the victim] had a propensity toward violence"); *Gregg*, 451 F.3d at 934-35 (affirming the district court's exclusion of specific instances of a victim's violent conduct being offered to show the victim was the initial aggressor). Moreover, a victim's propensity for violence is not an essential element of the charges in this case or a self-defense claim, meaning that Rule 405(b)'s exception for specific act evidence does not apply. *United States v. Seymour*, 468 F.3d 378, 387 (6th Cir. 2006) (evidence of the victim's character was not admissible under Rule 405(b) because it was not an essential element of defendant's aggravated sexual abuse charge); *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995) (victim's character for violence is not an essential element of defendant's justification defense). Accordingly, the defendant may not properly introduce evidence of the victim's specific acts of bad conduct under Rule 405.

The defendant's proffered character evidence – including testimony from inmates and corrections officers who had purported altercations with the defendant – should be excluded unless it is in the form of opinion and reputation evidence.

Respectfully Submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov


ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*
MICHAEL J. SONGER
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

8

Case 3:18-cr-00144   Document 47   Filed 02/03/19   Page 8 of 9 PageID #: 237

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case, Peter Strianse.

                                       Respectfully submitted,

                                       *s/Sara Beth Myers*
                                       SARA BETH MYERS
                                       Assistant U.S. Attorney

9

Case 3:18-cr-00144   Document 47   Filed 02/03/19   Page 9 of 9 PageID #: 238