UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-144 |
| | ) | Chief Judge Crenshaw |
| MARK BRYANT | ) | |

**UNITED STATES' TRIAL MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF THE CHEATHAM COUNTY SHERIFF'S OFFICE *POST HOC* DETERMINATIONS**

The United States submits this Motion in limine to exclude testimony from Cheatham County Sheriff's Office employees or other witnesses regarding any after-the-fact determinations of the appropriateness of the Defendant's actions. In the Defendant's opening statement, defense counsel referenced hearsay statements made by J.J. Hannah, the Lieutenant in charge of the jail, regarding Hannah's belief that the Defendant had not violated policy when he tased J.N. on November 5, 2016. Defense counsel also alluded that he would seek to present evidence on this point. Any testimony regarding determinations that jail staff made *after* the conduct at issue is irrelevant and serves merely to distract and confuse the jury. Fed. R. Evid. 401, 403.

Moreover, testimony about a subsequent investigation into the defendant's use of force from individuals – like Lieutenant Hannah – who were not present during the incidents charged in the Indictment, is inadmissible because it is hearsay and improper lay opinion testimony. *See* Fed. R. Evid. 701 (limiting lay opinion testimony to topics "rationally related to a witness' perception"). Courts have repeatedly excluded after-the-fact reports into incidents on this basis. *United States v. Ganier*, 468 F.3d 920, 926-27 (6th Cir. 2006) (finding that an officer not disclosed as an expert can only testify to lay opinion testimony when she "is a participant in the conversation, has personal knowledge of the facts being related in the conversation, or observed the conversations as they occurred"); *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (finding officers' opinions regarding the reasonableness of another officer's use of force was inadmissible under Rule 701 because the witnesses did not see the use of force); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 856-57 (N.D. Ill. 2001) (Rule 701 prohibits opinion testimony of state

1

police officers based on their after-the-fact investigation because they lacked personal knowledge of the events leading up to the shooting).

Additionally, such testimony would likely devolve into a mini-trial regarding whether the jail made the appropriate determination—a diversion that is prohibited by Federal Rules of Evidence 401 and 403 as it is highly prejudicial and completely unrelated to the Defendant's state of mind and conduct at the time of the tasings. *See, e.g. United States v. Richardson*, 793 F.3d 612, 627-28 (6th Cir. 2015) (vacated on other grounds) (The district court, under Rules 403 and 608(b), properly excluded cross examination into a judicial finding that a government witness was not credible in a prior proceeding because inquiry into the circumstances of that proceeding would require "detailed testimony regarding an entirely collateral matter in order to assess its probative value. This type of collateral 'mini-trial' is precisely what Rule 608(b) is intended to prevent.").

Whether or not the jail administration made determinations regarding the defendant's conduct in the days, weeks, and months following his tasings of J.N. on November 5, 2016, is irrelevant to any of the elements of the charged offenses in this case. Further, suggestions that a jail official's determination of wrongdoing is relevant to the elements of the charges in this case, imply that the administration's judgement should be substituted for the judgement of the jurors—the only people who can and should make determinations after the fact regarding whether the Defendant's conduct violated the law. Thus, any such evidence or testimony related to the jail administration's after-the-fact determinations should be excluded.

Respectfully Submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*_____
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*_____
MICHAEL J. SONGER
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following Defense Counsel: Peter Strianse, 315 Deaderick Street, Suite 1700, Nashville, TN.

                                        *s/ Sara Beth Myers*
                                        Sara Beth Myers
                                        Assistant United States Attorney

4

Case 3:18-cr-00144   Document 48   Filed 02/04/19   Page 4 of 4 PageID #: 242