UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-144 |
| | ) | Chief Judge Crenshaw |
| MARK BRYANT | ) | |

### UNITED STATES' PRETRIAL MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING JORDAN NORRIS'S CIVIL LAWSUIT

The United States submits this Motion in limine to exclude testimony or other references to the civil lawsuit filed by Jordan Norris on July 21, 2017, against Defendant Bryant and officers Josh Marriott and Jeff Key for allegedly using excessive force against Norris on November 5, 2016. The suit was settled and dismissed two months after it was filed, long before the defendant's indictment on federal charges. The existence of the civil lawsuit is not relevant to any of the elements of the counts charged in the Indictment. Nor is it relevant to the potential biases or motivations of witnesses who will testify at trial, as the victim who filed the suit is not available to testify and none of the suit's named defendants have any remaining civil exposure in light of the settlement and dismissal. While not relevant, information about the civil suit is prejudicial and may encourage jury nullification by suggesting that the rights of the victim have already been vindicated. Accordingly, the United States asks the Court to prohibit testimony and other references to the civil suit.

**I.     Background**

Jordan Norris filed a civil suit on July 21, 2017, seeking damages against Defendant Bryant and two other officers for their role in Defendant Bryant's November 5, 2016, assault. The parties reached a settlement agreement two months later and stipulated that all claims by Norris against

1

the defendants would be dismissed with prejudice. *See Norris v. Bryant*, 3:17-cv-1067, Doc. No. 14 (M.D. Tenn. 2017). Pursuant to this agreement, the district court entered an order dismissing the suit with prejudice on September 26, 2017—nine months before a federal grand jury indicted Defendant Bryant for assaulting Norris and obstructing justice. *See Id.* at Doc. 16. The lawsuit was not pending when any of the potential trial witnesses in this case testified before the grand jury or during the defendant's first trial in February 2019.

During the defendant's first trial, defense counsel referenced the civil suit to argue that it induced top CCSO officials to scapegoat the defendant and testify against him. For example, in the defense's closing argument, counsel stated that when Norris filed the civil suit, "all of a sudden, the jail's embarrassed. All of a sudden, Sheriff Breedlove is embarrassed. People are asking questions about the training." Doc. No. 67 at 34.

### I. The Existence of the Civil Suit is Inadmissible Because it Is Not Relevant to the Issues in the Indictment or to Bias

The existence of Norris' civil suit is inadmissible because it is not relevant. *See* Fed. R. Evid. 401. Under Federal Rule of Evidence 401, "relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Because evidence of a civil lawsuit could not make the existence of any fact that is of consequence to the determination of this case any more probable or less probable, it is inadmissible.

While some courts have allowed cross examination about civil lawsuits that show a witness's bias, such allowance is conditioned upon the witness (1) testifying and (2) having a pecuniary interest that could be affected by her testimony. *See, e.g.*, *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999); *United States v. Gambler*, 662 F.2d 834, 837 (D.C. Cir. 1981)

(discussing the development of the rule allowing cross examination into "pending or contemplated" civil suits that affect a witness' financial interests). In certain situations, Defendants may also elicit information about a previously-resolved civil suit filed by a witness if the lawsuit evidences the witness' hostility towards the defendant. *Id.*

These principles do not empower the defendant to elicit information in this case about Jordan Norris' lawsuit. Mr. Norris will not testify at trial because he is deceased. Accordingly, his credibility is not before the jury and any possible bias or hostility evidenced by his lawsuit is not relevant.

Nor does the lawsuit show that any other witness currently has a pecuniary interest or other bias against Defendant Bryant in this case. Norris was the sole plaintiff in the civil suit, which alleged that Defendant Bryant and officers Marriott and Key were jointly and severably liable for using excessive force. While this claim might be relevant to whether Norris is biased against Defendant Bryant and the other officers he sued, it furnishes no basis for inferring that the other officers are biased against the defendant in this case. Regardless, any conceivable conflict between the three officers who were joint civil suit defendants evaporated when the suit was resolved two months after it was filed. Indeed, the district court dismissed the civil suit with prejudice in September 2017—more than two years before the upcoming trial, nine months before the defendant's indictment, and months before any of the potential witnesses in this case had testified before the grand jury investigating his conduct.

The defendant nonetheless cited the lawsuit during his first trial in February 2019 to argue that it somehow undermined the testimony of all CCSO employees who testified for the Government. Defense counsel's opening statement suggested that when Norris filed the civil suit, "at that point, Mark Bryant, I guess, becomes expendable. Because the sheriff is running for cover,

3

the administration is running for cover, and Mr. Bryant becomes the fall guy for this incident." Doc. No. 62 at 32. The defense likewise argued in closing that, when Norris filed the civil suit, "All of a sudden, Sheriff Breedlove is embarrassed. People are asking questions about the training." Doc. No. 67 at 34.

These assertions are not relevant to the elements of the case or the bias of trial witnesses. Sheriff Breedlove did not testify at the defendant's first trial and was not a party to Norris' lawsuit. Nor is there any evidence that the sheriff felt "embarrassed." Regardless, whatever "embarrassment" Sheriff Breedlove may have felt at the time of the lawsuit is irrelevant to the issues in this case, and is not relevant to his potential bias unless he testifies at trial.[1] Similarly, the sheriff's hypothetical embarrassment at the time Norris filed a civil suit is not relevant to the testimony offered by other CCSO officers long after the suit was settled.

The response to the civil suit is therefore an irrelevant diversion that will distract the jury from the issues in this case, suggest bias where none exists, and may encourage jury nullification by suggesting that the victim has already been compensated for the defendant's assault. Accordingly, the United States asks the Court to prohibit references to the civil suit under Federal Rules of Evidence 401 and 403.

---

[1] Even if Norris's resolved civil suit were relevant to bias, the Defendant could not call Sheriff Breedlove or the officers named in the suit to the stand for the primary purpose of impeaching them with prior lawsuits. While a party may impeach a witness that they present, *see* Fed. R. of Evid. 607, they "may not call a witness for the primary purpose of placing otherwise inadmissible evidence before the jury in the guise of impeachment." *Olson v. Little*, 604 F. App'x 387, 401 (6th Cir. 2015).

4

Respectfully Submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov


ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*
MICHAEL J. SONGER
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 9, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following Defense Counsel: Peter Strianse, 315 Deaderick Street, Suite 1700, Nashville, TN.

                  *s/ Sara Beth Myers*
                   Sara Beth Myers
                   Assistant United States Attorney