UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:18-cr-00144 |
| | ) |
| MARK BRYANT | ) |

**MEMORANDUM OPINION AND ORDER**

Sentenced to a term of imprisonment for using excessive force on a jail inmate, and with a prison report date of April 22, 2021, Mark Bryant has filed a Motion for Bond Pending Appeal. (Doc. No. 142). The Government has responded in opposition to the motion (Doc. No. 146), to which Bryant has replied (Doc. No. 150). Bryant's motion will be denied.

**I.**

On November 5, 2016, Bryant was a Corporal at the Cheatham County Jail. Eighteen-year old Jordan Norris was a pretrial detainee in that facility. Two events that evening involving those two men led to Bryant's federal convictions. Both related to Bryant tasing Norris, the extent and duration of which the Government insisted at trial was excessive.

Bryant first tased Norris four times in quick succession, for a total of 50 seconds. At the time, Norris was tied down in a restraint chair and surrounded by three officers. The second tasing occurred approximately two hours later, when Young was sitting in a chair handcuffed, shackled, and surround by seven jail deputies. This time Bryant tased Norris for 11 seconds.

Bryant was charged with two counts of violating 18 U.S.C. § 242 for depriving Norris of his constitutional rights while Bryant was acting under color of law. Bryant was also charged with two counts of knowingly falsifying reports in violation of 18 U.S.C. § 1519, one count for each tasing incident.

In early February 2019, the case was tried before a jury for four days. When it became apparent that the jury was deadlocked and could not reach unanimous agreement on any of the counts, the Court declared a mistrial. (Doc. No. 58).

The Government filed a Motion for New Trial (Doc. No. 59), and a grand jury returned a Superseding Indictment (Doc. No. 70) that added one additional count. In it, Bryant was charged with violating 18 U.S.C. 1001 for allegedly lying to the FBI on August 2, 2017, during its investigation of the tasing incidents.

A second trial was held from January 7-10, 2020. The jury found Bryant guilty of the excessive force counts (Counts One and Two), but acquitted him of the falsification counts (Counts Three through Five). Bryant was thereafter sentenced to five years imprisonment on November 20, 2020, and scheduled to report on February 22, 2021 (Doc. No. 132). This was subsequently extended to April 22, 2021 at Bryant's request (Doc. No. 144).

## II.

When a defendant is found guilty of a federal offense and sentenced to a term of imprisonment, there is a statutory presumption that the defendant should begin serving that sentence, notwithstanding the filing of a notice of appeal. 18 U.S.C. § 3143(b)(1); United States v. Vance, 851 F.2d 166, 168 (6th Cir.1988). That presumption can be rebutted, however, if defendant shows by clear and convincing evidence that he is not likely to flee or pose a danger to the community, and also that (1) he is appealing for purposes other than delay, (2) the appeal "raises a substantial question of law or fact," and (3) a favorable appellate ruling on that substantial question would likely result in a reversal, an order for a new trial, or a reduced sentence. Id. §§ 3143(b)(1) (A) & (B). If such a showing is made, the "judicial officer shall order the release" of the defendant. Id.

§3143(b)(1)(B). If not, the "judicial officer shall order that [defendant] . . . be detained[.]" Id. § 3143(b)(1).

In this case, the question of Bryant fleeing or presenting a danger to the community is not an issue. The Court necessarily found as much when it released Bryant pending sentencing in accordance with 18 U.S.C. § 3143(a), and the Government does not argue otherwise. Nor does it appear that his present motion is interposed for purposes of delay. Instead, the only question is whether Bryant's appeal raises a substantial question of law or fact that will either result in an acquittal, a new trial, or a lower sentence.

"[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985). "Since the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." Id.

### III.

Bryant argues that the issue of wilfullness raises a substantial question of law or fact, writing:

> [T]he evidence of "willfulness" is insufficient. A juror would have to make a speculative leap that Mr. Bryant knew, through training or experience, that his actions were unlawful and violated department policy or his own training. Based on the contradictory record in this case, a rational juror would need more to conclude that Bryant acted "willfully." Specifically, there was insufficient and contradictory evidence regarding the taser policy in effect at the time of the Norris incident, described by the Jail Administrator as well as the Defendant and his Cheatham County Jail colleagues. It was not until the events of November 5, 2016 were made public by the filing of a civil lawsuit in July 2017 that the Sheriff promulgated a written policy regarding time limits on drive-stun or contact use and articulated a policy on the number of tases that an officer could administer.

3

(Doc. No. 150 at 8). He also argues "[a]s noted in the Court's instructions, the jury was required to find 'whether the defendant knew, through training or experience, that his actions were unlawful and whether he knew that they violated department policy or his own training.'" (Doc. No. 142 at 11). He concludes by insisting that "[t]he murky issue of willfulness in this case raises a substantial question of law or fact that presents a close question or one that very well could be decided the other way. The Bail Reform Act requires no more." (Doc. No. 150 at 8).

Bryant's entire argument rest upon a faulty (albeit unstated) premise, which is, that to convict under Section 242, the Government was required to prove he violated his training or a jail policy. It also rests upon a suggestion that the jury was required to make a finding it was not required to make.

Bryant was not charged with, or convicted of, violating a Cheatham County Jail policy or his training. Rather he was charged with violating a criminal statute, specifically Section 242. In order to convict, the Government was required to prove that Bryant acted (1) willfully; (2) under color of law; (3) to deprive a person of rights protected by the Constitution or laws of the United States; and (4) that Norris suffered bodily injury as a result. United States v. Wilson, 344 F. App'x 134, 141 (6th Cir. 2009) (citing, United States v. Cote, 544 F.3d 88, 98 (2d Cir.2008); United States v. Perkins, 470 F.3d 150, 153 n. 3 (4th Cir. 2006)).

"'Willful,' th[e Supreme] Court has recognized, is a 'word of many meanings,' and 'its construction [is] often ... influenced by its context.'" Ratzlaf v. United States, 510 U.S. 135, 141 (1994) (quoting Spies v. United States, 317 U.S. 492, 497 (1943)). For purposes of Section 242, the Supreme Court has defined willfulness as encompassing the "specific intent . . . to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the

4

United States or by decisions interpreting them." Screws v. United States, 325 U.S. 91, 104 (1945).

As Bryant concedes, "willfulness is proved by evidence that a defendant acted voluntarily with knowledge that his conduct was unlawful, even if he did not know the specific statue violated." United States v. Kelly, 368 F.App'x 194, 198 (2nd Cir. 2010)." (Doc. No. 142 at 10); see also, United States v. Dise, 763 F.2d 586,, 589 (3d Cir. 1985) ("The United States is not required to demonstrate that [defendant] was 'thinking in constitutional terms[.]'"). Bryant does not dispute, nor could he, the "proposition that one's right to be free from unlawful assault by state law enforcement officers when lawfully in their custody has been made a definite and specific part of the body of due process rights protected by the fourteenth amendment of the Constitution, so that a willful deprivation of that right comes within the purview of § 242." United States v. Stokes, 506 F.2d 771, 775 (5th Cir. 1975); see also United States v. Budd, 496 F.3d 517, 525 (6th Cir. 2007) (noting in dicta in prosecution under Section 242 that "'the right to Due Process of law . . . , which includes the right to be free from excessive force amounting to punishment, is the standard applicable to a pretrial detainee"); United States v. Wash, 194 F.3d 37, 47 (2d Cir. 1999) (stating for purposes of Section 242 that "the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment").

Without question, violation of a policy may help to demonstrate that an individual acted wilfully:

> an officer's training can help inform his state of mind in certain circumstances. If, for example, an officer has been trained that officers should do certain things when confronted with tense situations, and he does those things, the fact that he acted in accordance with his training could make it less likely that he acted willfully. . . And vice versa: If . . . an officer has been trained that officers should not do several things when confronted with tense situations, yet he does those things anyway, the fact that he broke from his training could make it more likely that he acted willfully.

United States v. Proano, 912 F.3d 431, 439 (7th Cir. 2019) (collecting cases).

Because "[t]he excessive-force inquiry is governed by constitutional principles, not police-department regulations," however, "[a]n officer's compliance with or deviation from departmental policy doesn't determine whether he used excessive force." United States v. Brown, 871 F.3d 532, 537 (7th Cir. 2017). Instead, "willfulness can be inferred from 'plainly' wrongful conduct, inconsistency between actions and training, and efforts to prevent detection of wrongful behavior," among other things. United States v. Brown, 654 F. App'x 896, 910 (10th Cir. 2016).

In its brief opposing Bryant's motion, the Government lays out in detail the evidence from which a jury could find that Bryant acted wilfully under each of those categories. It also points to videotapes that captured the tasing incidents and Bryant's statements to Norris at the time, as well as the testimony of fellow officers who witnessed the incidents. (Doc. No. 146 at 3-8). Bryant largely ignores this evidence and instead focuses on whether his actions violated any of his training or a jail policy. As just noted, however, this is not dispositive on the issue of willfulness.

Contrary to Bryant's suggestion, the Court did not instruct the jury that it was required to find willfulness based on Bryant's training or experience. Rather, the language Bryant quotes was part of a much broader, 3-page instruction defining "Willfulness and State of Mind." (Doc. No. 106 at 108). More specifically, the language Bryant excerpts comes from a paragraph instructing the jury that it was to consider all of the evidence bearing on his state of mind:

> In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was in the defendant's mind. For example, you may consider the manner in which any constitutional violation was carried out and the duration of any constitutional violation. You may also consider what the defendant said; what the defendant did or failed to do; how the defendant acted, and whether the defendant knew,

6

>   through training or experience, that his actions were unlawful and whether he knew
>   that they violated department policy or his own training.

(Id. at 39). Moreover, in the very next instruction, the jury was informed that the evidence of Bryant's training and/or a Cheatham County Jail policy was introduced only for the limited purpose of showing willfulness, with the weight to be accorded that evidence, if any, left to the jury. (Id. at 40-41). The jury was also informed in that instruction that "[i]t is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy." (Id. at 41-2).

When all is said and done, Bryant's argument boils down to the sufficiency of the evidence to convict him on Counts One and Two. On this issue, he "bears a very heavy burden." United States v. Abboud, 438 F.3d 554, 589 (6th Cir.2006). As the Sixth Circuit has explained:

>   When reviewing the sufficiency of evidence in support of a jury verdict, this Court views the evidence in the light most favorable to the prosecution and gives the prosecution the benefit of all reasonable inferences from the testimony. Viewing the evidence in this manner, a jury verdict is supported by sufficient evidence if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Id.

These same standards applied when Bryant moved for acquittal at the close of the Government's case under Rule 29 of the Federal Rules of Criminal Procedure, yet he only sought acquittal on the falsification counts (Counts Three and Four). As for the Section 242 counts, Bryant conceded that they "are really jury issues," and the jury was "going to have to wade through the credibility of the issues and determine the excessive force counts which are alleged in Counts One and Two of the superseding indictment." (Doc. No. 115, Tr. at 39). Nothing has changed since

those observations were made, except that Bryant has been convicted and sentenced to prison.

## IV.

To remain free pending appeal, it is incumbent upon Bryant to identify a substantial question of law or fact that was integral to his conviction and could reasonably lead to his acquittal, a new trial, or a reduced sentence. Even accepting that the evidence surrounding Cheatham County's jail policy relating to tasing and/or Bryant's training was subject to different interpretations, there was far more than enough evidence from which a reasonable jury could conclude that Bryant wilfully deprived Norris of his constitutional rights. To find, in the words of Pollard, that this case presents a "close question or one that could go either way" on the question of willfulness would require that the Court give Bryant "every benefit of the doubt," which the Court is not allowed to do under 18 U.S.C. § 3143(b). United States v. Word, 798 F.2d 471 (6th Cir. 1986). It would also require the Court to ignore that a jury is to consider "all the attendant circumstance[s]," Screws, 325 U.S. at 107, when deciding whether a defendant has acted willfully under Section 242. Simply put, the Court cannot find "that it is more probable than not that reversal or a new trial will occur," Pollard, 778 F.2d at 1182, even were the Sixth Circuit to agree with Bryant that the evidence surround his training and the taser policy was "murky."

Accordingly, Bryant's "Motion for Bond on Appeal" (Doc. No. 142) is **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8